UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                        CASE NO.: 8:18-cr-490-T-024

CRYSTAL LYNN DAVIS,
    **Defendant**

----------------------------------------/

## CRYSTAL LYNN DAVIS' REQUEST FOR A REASONABLE SENTENCE AND INCORPORATED MEMORANDUM OF LAW

Defendant CRYSTAL LYNN DAVIS, through her undersigned counsel files this Request for a Reasonable Sentence and Incorporated Memorandum of Law and would assert the following in support of a *reasonable* disposition for Count Two of the Indictment for violation of title 21 U.S.C., section 841(a).

Ms. Davis is set for sentencing on April 18, 2019 before this Honorable Court. Ms. Davis suggests that a sentence of eighteen (18) months in the Bureau of Prisons followed by two (2) years of supervised release would be no higher than necessary to accomplish the goals of sentencing.

### PROCEDURAL BACKGROUND

Ms. Davis was indicted in a one count Indictment for violation of Title 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Count I of the indictment alleges that on July 19, 2018, Ms. Davis, a convicted felon, did knowingly possess, in and affecting interstate commerce, a firearm; 22-calliber semi-automatic rifle.

On November 28, 2018, Ms. Davis executed a negotiated Plea Agreement with the Government agreeing to plead guilty as charged to Count I of the indictment. Sentencing is currently scheduled for April 18, 2019 at 11:00 a.m.

## MEMORANDUM OF LAW

The Federal Sentencing Guidelines were created in an attempt to eliminate sentencing disparity amongst similarly situated defendants and following *United States v. Booker*, 543 U.S. 220 (2005), sentencing requires two steps: a calculation of the applicable sentencing range under the Sentencing Guidelines and the analysis of the factors set forth in 18 U.S.C. § 3553(a). The United States Supreme Court has recognized that a guidelines sentence is not always appropriate. *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007). Rather, courts should exercise a reasoned judgment by making an effort to "filter the Guidelines' general advice through § 3553(a)'s list of factors." *Id.* In other words, the Court should ultimately derive a sentence based upon the factors "without any thumb on the scale favoring a guideline sentence." *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir 2007). Thus, the Court must make an individualized assessment and sentence a defendant accordingly.

In the present case, Ms. Davis is facing a maximum sentence of ten (10) years in the Bureau of Prisons, a $250,000.00 fine, and a three (3) year term of supervised release. In accordance with the Plea Agreement, the government agreed that the Defendant would be sentenced within her applicable guidelines range and adjusted for any departures.

### a. Sentencing Guidelines Range- Offense Level

The guideline for firearm offenses is contained in USSG §2K2.1 and in accordance therewith, has a Base Offense Level is 14. There are no Chapter Four enhancements; however, based upon Ms. Davis's acceptance of responsibility pursuant to USSG §3E1.1(a), Ms. Davis requests a two (2) level downward adjustment for clearly demonstrating her acceptance of responsibility by truthfully admitting to the conduct comprising the offense and timely manifesting acceptance of her responsibility of same.

The USSG § 2K2.1(8)(4) provides for an additional two-level upward departure if the firearm was stolen. Probation added two-levels based solely upon Ms. Davis' post-arrest and post Miranda statement that the firearm was stolen.

The Base Offense Level is 16 or more, consequently Ms. Davis qualifies for a decrease of one (1) additional level pursuant to USSG §E31.1(b).

Ms. Davis' Total Base Offense Level is a **Level 13.**

### b. Criminal History Level

According to the PSR, Ms. Davis maintains a criminal history **Level V.** Ms. Davis agrees that a Level V criminal history is accurate.

### c. Sentencing Range

Based upon Ms. Davis's total offense Level of 13 and criminal history level V, the advisory guideline range for imprisonment is **30-37 months**. The Court may impose a term of supervised release for a term of 1 to 3 years.

### d. Booker Factors: 18 U.S.C. 3553(a)

This Honorable Court has the discretion to grant a variance below the guidelines when such a sentence is reasonable in light of the goals set for in Title 18 U.S.C. §3553(a) and such imposition of a sentence is sufficient, but not greater than necessary, to comply with the need for the sentence imposed. All of these factors are addressed *supra* and point to the reasonableness of eighteen (18) months in the bureau of prisons followed by a term of 3 years of supervised release. This sentence will accomplish the punitive aspects of the sentencing statute and rightfully assist Ms. Davis with the substance abuse treatment she needs, provide just punishment for her crimes, and allow the Court to monitor her after her release to assist in the maintenance of her sobriety and wellness.

### 1. Need for Educational or Vocational Training

As it sits, Ms. Davis has a sixth (6th) grade education and is in desperate need of an education. Ms. Davis would also benefit from vocational training and has expressed a desire to participate in any type of vocational skills training she can obtain but has indicated a strong desire for training in cosmetology. She has also expressed a desire to obtain her GED.

Because Ms. Davis has been a substance abuser since the age of 11, and her brief attempts at receiving assistance with her polysubstance abuse have proven unsuccessful, she is in need of substance abuse counseling and treatment.

Ms. Davis also desires to have the tattoo of a "diamond" on her face removed, which was the product of the lifestyle she entered into at age 12. Ms. Davis was branded without her consent with this facial tattoo by one of the many "dope boys" she was involved

in during her life on the street.

### 2. Characteristics of Ms. Davis and Nature and Circumstances of the Offense.

a. <u>Characteristics of Ms. Davis:</u>

Ms. Davis', age 26, life choices and characteristics, reflect that of a ten (10) year old little girl saddled with the murder of her mother while in Fourth Grade. Ms. Davis' father was killed in an alcohol related traffic accident when she was three years of age and has no real memories of her father's presence in her life. After her father's death, her mother became involved with another man, whom Ms. Davis knew to be a known drug dealer who went by the nickname "Smiley."

Ms. Davis has a homeless and mentally disabled brother, Brian Donald Davis, who resides in Hillsborough County, Florida, and a 27 year old sister, Kelly Davis, who lives in Milwaukee, Wisconsin, that suffers with mental health and substance abuse issues. Ms. Davis was physically abused by her brother, one year her senior, when she was approximately eleven (11) years old and was later removed from the residence. Ms. Davis' aunt was appointed as her guardian shortly thereafter. However, her aunt, Kimberly (Norby) Sporr, did not care for Ms. Davis or her siblings and accordingly to Ms. Davis simply "collected the checks" she received from the state of Florida.

Ms. Davis' mother had substance abuse issues and after her death, she began using drugs and "hanging out on the streets." Ms. Davis' criminal history began at the age of twelve (12), just one year after her mother's murder, where she and several other individuals were charged with stealing from Walmart. Virtually all of Ms. Davis' criminal offenses arose from traffic offenses and theft.

Ms. Davis has self-medicated since the age of 11 and continued to self-medicate until the time of arrest, which is the subject of this prosecution. While Ms. Davis has been in several detoxification centers, with her longest stay being that of two (2) months, she is in need of a long-term treatment program and mental health counseling.

Ms. Davis highest grade of completion is the sixth (6th) grade; however, she can read and write. Ms. Davis is the biological mother of two children. One child was adopted immediately in a closed adoption proceeding in the State of Utah. Ms. Davis also has a five (5) year old little girl who is being cared for by the child's paternal grandparents.

Ms. Davis is very motivated and attended bible studies, N.A., and A.A. classes during her stay at the Pinellas County Jail and is hopeful to eventually be reunited with her daughter upon her release. Ms. Davis is currently being house at Hernando County Jail in Hernando County, Florida awaiting sentence.

b. <u>Nature and Circumstances of the Offense</u>:

The nature of his offense reflects how Ms. Davis learned to survive and simply exist after her mother's murder and loss of her father. Ms. Davis is not a violent individual, as exemplified by her criminal history. While her criminal history is extensive, it reflects Ms. Davis' need to fuel her substance abuse, her unresolved emotional issues, and act as a means of sheer survival.

A human being's instinct to survive is most powerful. Our basic needs of survival are either met or not. Food, shelter, physical and emotional safety, along with progressively developing the skills to survive as an adult are some of the necessities of becoming functioning members of society. A child's physical and emotional health is developed

throughout their childhood and as children gradually grow into adults, their emotional health is often a strong indicator of the emotional deficits suffered as a child along with their genetic predispositions and environment. Young children, let alone an adult, are ill equipped to deal with the devastating effects of the emotional and physical loss of a parent.

This offense stems from Ms. Davis' way of life- her way of survival. Ms. Davis has been exposed to a lifetime of crime through the product of her mother and was repeating the manner in which her mother taught her to survive. Ms. Davis bounced from male to male in an effort to feed her polysubstance abuse. In return for drugs, Ms. Davis would steal vehicles and assist in other criminal activities not only for drugs, but for food and shelter. If Ms. Davis was giving the tools to survive, an education, vocational training, and substance abuse counseling and treatment, Ms. Davis could and will be a functioning law abiding citizen.

WHEREFORE, Crystal Davis is young enough to correct the error of her ways and become a functioning member of society. In an effort to achieve that goal, Ms. Davis asks this court to sentence her to a term of eighteen (18) months in the bureau of prisons followed by three (3) years of supervised release. This will allow Ms. Davis to obtain the substance abuse counseling and treatment she needs, obtain her GED and vocational training, and obtain any mental health counseling deemed necessary.

Respectfully submitted,

Debra B. Tuomey, Esq.

## CERTIFICATE OF SERVICE

I, DEBRA B. TUOMEY, ESQ., hereby certify that a true and correct copy of the foregoing has been served on counsel for all parties via the Court's CM/ECF system this 1st day of April 2019.

_____
**Debra B. Tuomey, Esq., B.C.S.**
**Board Certified Criminal Lawyer**

Florida Bar No. 0496781
Debra B. Tuomey, Attorney at Law, LLC.
5026 Cumberland Lane
Spring Hill, Florida 34607
Telephone: (352) 584-0020
Fax: (352) 610-4028
dtuomey@tampabay.rr.com
Attorney for Defendant CRYSTAL LYNN DAVIS